FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Sep 11, 2018

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| AUTOMATED ACCOUNTS INC., a corporation formed under Washington law, and BONDED ADJUSTMENT COMPANY, a corporation formed under Washington law;<br><br>    Plaintiffs,<br><br>    v.<br><br>JOHN C. HEATH ATTORNEY AT LAW PC d/b/a LEXINGTON LAW, and LEXINGTON LAW FIRM, a professional service corporation formed under Utah law;<br><br>    Defendant. | No. 2:18-cv-00162-SAB<br><br>**ORDER GRANTING PLAINTIFFS' MOTION TO REMAND** |

    Before the Court is Plaintiffs' Motion to Remand, ECF No. 6. The motion was heard without oral argument. Plaintiffs are represented by Timothy W. Durkop; Defendant is represented by Scott R. Smith.

    Plaintiffs sued Defendant in Spokane County Superior Court alleging claims under the Washington Unfair Business Practices Act. Defendant removed the action on May 18, 2018, maintaining the allegations asserted by Plaintiffs implicated the Fair Credit Reporting Act and the Fair Debt Collection Act, and

**ORDER GRANTING PLAINTIFFS' MOTION TO REMAND ~ 1**

therefore the Court would have jurisdiction under 28 U.S.C. § 1331. Defendant also cited to 28 U.S.C. § 1332, but did not allege any facts regarding the amount in controversy.

## BACKGROUND FACTS

The following facts are taken from Plaintiffs' Complaint:

Plaintiffs are in-state collection agencies with their principle places of business in Spokane County. They allege that Defendant holds itself out as a professional credit repair service. Defendant is incorporated in the State of Utah. Plaintiffs allege that Defendant contracts with its customer to remove negative data from its customer's credit reports. In return, Defendant sends letters to creditors to dispute the amounts owed. Plaintiffs have received thousands of letters from Defendant purportedly representing consumers.

Plaintiffs' obligations under the Fair Debt Collection Practices Act require them to respond to these inquiries. Plaintiffs have to investigate and then file a response. Plaintiffs state that the letters look like they are from the consumer, but in fact the letters are coming from Defendant. In many cases, the return address is incorrect and the response letters are returned to Plaintiffs as undeliverable. Plaintiffs maintain in virtually all of the alleged disputes, there were, in fact, no disputes. Rather, the information was correct. On multiple occasions, the credit report indicated that the consumer had paid the debt in full. Defendant would have, or should have known this before sending the letter.

Plaintiffs allege they have spent thousands of hours of labor on having to respond to the letters and they would not have had to do this but for Defendant's actions in sending false and misleading letters to dispute credit reports. Plaintiffs allege that Defendant's business model represents an unfair business practice under Wash. Rev. Code § 19.86.020.

//
//

**ORDER GRANTING PLAINTIFFS' MOTION TO REMAND ~ 2**

## ANALYSIS

Section 1441(a) permits "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant. . . ." 28 U.S.C. § 1441(a). The Court is to strictly construe the removal statute against removal jurisdiction and federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance. *Gaus v. Miles, Inc.*, 980 F.2d 564, 556 (9th Cir. 1992). The defendant has the burden of establishing that removal is proper. *Id*.

Defendant relies on 28 U.S.C. §§ 1331 and 1332 to support the removal of this action to federal court.

### 1. 28 U.S.C. § 1331 - Federal Question

Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 391 (1987). "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Id*. (citing *Gully v. First Nat'l Bank*, 299 U.S. 109, 112–113, (1936)). The rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law. *Id.*

Here, it is clear Plaintiffs have not alleged a federal claim. Defendant's argument that because the federal statute imposes duties on Plaintiffs this somehow converts this state action to a federal one is not supported by case law.

### 2. 28 U.S.C. § 1332 – Diversity Jurisdiction

28 U.S.C. § 1332(a) provides: The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between--(1) citizens of different States.

**ORDER GRANTING PLAINTIFFS' MOTION TO REMAND ~ 3**

Here, there is no dispute that this suit is between citizens of different States. Rather, whether the Court has jurisdiction over this matter depends on the amount in controversy.

Plaintiffs are seeking actual damages based on labor costs responding to Defendant's alleged wrongful credit disputes, statutory damages pursuant to Wash. Rev. Code § 19.86.090, and attorneys' fees.

Where it is not facially evident from the complaint that more than $75,000 is in controversy, the removing party must prove, by a preponderance of the evidence, that the amount in controversy meets the jurisdictional threshold. *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003). Where doubt regarding the right to removal exists, a case should be remanded to state court. *Id*. The Court can consider facts presented in the removal petitions as well as any "summary-judgment-type evidence relevant to the amount in controversy at the time of removal." *Id*. Conclusory allegations as to the amount in controversy are insufficient. *Id*.

Wash Rev. Code § 19.86.090 provides:

> Any person who is injured in his or her business or property by a violation of RCW 19.86.020, 19.86.030, 19.86.040, 19.86.050, or 19.86.060, or any person so injured because he or she refuses to accede to a proposal for an arrangement which, if consummated, would be in violation of RCW 19.86.030, 19.86.040, 19.86.050, or 19.86.060, may bring a civil action in superior court to enjoin further violations, to recover the actual damages sustained by him or her, or both, together with the costs of the suit, including a reasonable attorney's fee. In addition, the court may, in its discretion, increase the award of damages up to an amount not to exceed three times the actual damages sustained: PROVIDED, That such increased damage award for violation of RCW 19.86.020 may not exceed twenty-five thousand dollars: PROVIDED FURTHER, That such person may bring a civil action in the district court to recover his or her actual damages, except for damages which exceed the amount specified in RCW 3.66.020, and the costs of the suit, including reasonable

**ORDER GRANTING PLAINTIFFS' MOTION TO REMAND ~ 4**

attorney's fees.

Defendant asks this Court to aggregate the amount of statutory damages sought by each Plaintiff, add $25,000 for attorneys' fees, and infer that actual damages will be at least $1.00 to meet the amount in controversy threshold.

The Court declines to aggregate the amount of damages. As the United States Supreme Court explained:

> The traditional judicial interpretation under all of these statutes has been from the beginning that the separate and distinct claims of two or more plaintiffs cannot be aggregated in order to satisfy the jurisdictional amount requirement. Aggregation has been permitted only (1) in cases in which a single plaintiff seeks to aggregate two or more of his own claims against a single defendant and (2) in cases in which two or more plaintiffs unite to enforce a single title or right in which they have a common and undivided interest.

*Snyder v. Harris*, 394 U.S. 332, 335 (1969).

Aggregation of claims is limited to cases "where a defendant owes an obligation to a group of plaintiffs as a group and not to the individuals severally." *Gibson v. Chrysler Corp.*, 261 F.3d 927, 944 (9th Cir. 2001)).

In this case, Plaintiffs are bringing claims based on letters sent by Defendant that disrupted their businesses. Although Plaintiffs are enforcing the same right granted by state law, the claims are separate and distinct because they can be separated by which party received particular letters, and the claims are cognizable, calculable, and correctable individually. Consequently, Plaintiffs' claims do not arise out of a common and undivided interest.

The record does not support a finding that the amount in controversy for each Plaintiff will exceed $75,000. Defendant has not met its burden of proving diversity jurisdiction.

//
//
//

**ORDER GRANTING PLAINTIFFS' MOTION TO REMAND ~ 5**

### 3. Attorneys Fees

28 U.S.C. § 1447(c) provides:

A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal. A certified copy of the order of remand shall be mailed by the clerk to the clerk of the State court. The State court may thereupon proceed with such case.

As the United States Supreme Court noted:

The process of removing a case to federal court and then having it remanded back to state court delays resolution of the case, imposes additional costs on both parties, and wastes judicial resources. Assessing costs and fees on remand reduces the attractiveness of removal as a method for delaying litigation and imposing costs on the plaintiff. The appropriate test for awarding fees under § 1447(c) should recognize the desire to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party, while not undermining Congress' basic decision to afford defendants a right to remove as a general matter, when the statutory criteria are satisfied.

*Martin v. Franklin Capital Corp.*, 546 U.S. 132, 140 (2005).

Thus, "[a]bsent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Id.*

Here, Defendant did not have an objectively reasonable basis for seeking removal. It is obvious that Plaintiffs are seeking remedies under state law and are not bringing a federal claim. Although Defendant cited to § 1332 in its Notice of

**ORDER GRANTING PLAINTIFFS' MOTION TO REMAND ~ 6**

Removal, it failed to allege any facts regarding the amount in controversy. Subsequently, in response to the Motion to Remand, Defendant relied on conjecture and speculation to assert that the amount in controversy requirement has been met.

The Court will retain jurisdiction following remand to resolve the award of attorney's fees and costs. *Moore v. Permanente Med. Grp., Inc.*, 981 F.2d 443, 445 (9th Cir. 1992) (holding that the district court may retain jurisdiction over collateral attorney's fees issue after remand).

Accordingly, **IT IS HEREBY ORDERED**:

1. Plaintiffs' Motion to Remand, ECF No. 6, is **GRANTED**.

2. The District Court Executive is directed to **remand** the above-captioned case to Spokane County Superior Court.

3. Within seven (7) days from the Date of this Order, Plaintiffs shall file an affidavit supporting their application for attorney's fees and costs relating only to the issue of removal and remand.

4. Defendant shall file its objections to Plaintiffs' request within five (5) days from receipt of the request.

**IT IS SO ORDERED.** The Clerk of Court is directed to enter this Order and forward copies to counsel.

**DATED** this 10th day of September 2018.



Stanley A. Bastian
United States District Judge

**ORDER GRANTING PLAINTIFFS' MOTION TO REMAND ~ 7**